UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD JOHNSON, # 683026,

    Petitioner,

Case No. 11-cv-11782

v.

HONORABLE STEPHEN J. MURPHY, III

DEBRA L. SCUTT,

    Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION TO STAY PROCEEDINGS** (docket no. 2)**, HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS, AND ADMINISTRATIVELY CLOSING THE CASE**

    Pro se petitioner Reginald Johnson, confined at the Cotton Correctional Facility in Jackson, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Johnson challenges his convictions for assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1). Johnson has also filed a motion asking the Court to hold his petition in abeyance to allow him to return to state court to present additional unexhausted claims not included in his petition, with the intent of then amending the petition to include the claims once exhausted. For the reasons stated below, the Court will grant the motion, hold the petition in abeyance, and stay proceedings to permit Johnson to return to the state courts to exhaust his additional claims.

**BACKGROUND**

    Johnson was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. His conviction was affirmed per curiam on appeal. *People v. Johnson*, No. 285026, 2009 WL 4443359 (Mich. Ct. App. Dec. 3, 2009); *lv. den.* 486 Mich. 903 (2010).

On April 18, 2011, Johnson filed this application for writ of habeas corpus.[1] Johnson seeks habeas relief on the three grounds he raised in his direct appeal. He asks the Court to hold his petition in abeyance to so he can return to state court and present five unexhausted claims before seeking leave to add the claims to his habeas petition.

## DISCUSSION

A federal district court is authorized to stay habeas proceedings involving fully-exhausted petitions while the petitioner pursues exhaustion of additional claims in the state courts. *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline,* 246 F. App'x 303, 306 (6th Cir. 2007) (reversing district court's dismissal of fully-exhausted petition). A stay is appropriate where considerations of comity and judicial economy are served thereby. *Nowaczyk v. Warden, N.H. State Prison*, 299 F.3d 69, 83 (1st Cir. 2002); *see also Bowling*, 246 F. App'x at 306.

Such considerations are present here. As a matter of comity, it is appropriate (and necessary) for the state courts to consider Johnson's unexhausted claims first. Staying the proceedings to allow the state courts to have the first crack at Johnson's new claims serves comity between this Court and the Michigan courts. Judicial economy is served as well by a stay. Generally, dismissing a petition without prejudice is the most economical way to proceed when some of the claims are unexhausted. But because the petition is not a mixed one and includes *only* exhausted claims, dismissing it without prejudice is not warranted. *Bowling*, 246 F. App'x at 306; *see also Rose v. Lundy*, 455 U.S. 509, 510 (1982). The alternative to granting a stay is denying it and advising Johnson that he can either proceed on his exhausted claims only or move to amend his petition to include the

---

[1] Under the prison mailbox rule, the petition was filed on April 18, 2011, the day it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001).

2

unexhausted claims and withdraw the petition in order to exhaust in state court. But by the time Johnson receives the order, most of the one-year limitation period will have run, and he will almost assuredly choose to amend the petition and seek another stay in lieu of withdrawing the petition, given that he may face the real risk of a subsequent petition being time-barred. At that point, there would certainly be reason to grant the stay. *See Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (reversing dismissal of time-barred petition, holding that district court should have stayed rather than dismissed initial (timely-filed) mixed petition because dismissal of that petition carried a real risk of the later-filed exhausted petition being time-barred); *see also Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (calling the Second Circuit's approach in *Zarvela* "eminently reasonable"). Staying the exhausted petition at this juncture prevents needless work for the Court as well as Johnson.

Additionally, the Court notes that there is good cause for a stay and the unexhausted claims do not appear to be "plainly meritless." *Cf. Rhines v. Weber*, 544 U.S. 269, 278 (2005) (discussing requirements of staying proceedings and holding in abeyance mixed-petitions). All but one of Johnson's unexhausted claims relate to the ineffective assistance of trial counsel. The other claim relates to the ineffectiveness of appellate counsel for failing to raise the ineffective trial counsel claims on appeal. These are all federal claims and are cognizable on federal habeas review; they are not plainly meritless. And the alleged ineffective assistance of appellate counsel claim provides the good cause necessary to permit the stay.[2] *See Wagner v. Smith*, 581 F.3d 410, 419, nn.4 & 5 (6th Cir.

---

[2] The Court takes no position now on whether the alleged ineffectiveness of appellate counsel provides the cause necessary to excuse any possible procedural default. *See Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005).

3

2009). Finally, Johnson has not engaged in abusive litigation tactics or intentional delay. A stay is permitted.

To ensure that there are no delays in exhausting his claims in state court, this Court imposes time limits within which Johnson must proceed in state court. *See Rhines*, 544 U.S. at 278. Johnson must initiate his state post-conviction proceedings within sixty days of receiving this order. He must return to federal court within sixty days of completing the exhaustion. Should he fail to comply with either of these time limits, the Court will lift the stay and require an answer from Respondent regarding the exhausted claims only. Any later motion to amend the petition to include the additional exhausted claims will be denied.

Johnson must properly exhaust these claims in the state courts by filing a motion for relief from judgment with the Wayne County Circuit Court under Mich. Ct. R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.508. The denial of a motion for relief from judgment may be appealed to Michigan Court of Appeals. An application for leave to appeal may also be filed in the Michigan Supreme Court. Johnson *must* appeal any denial to the Michigan Court of Appeals *and* seek leave to appeal in the Michigan Supreme Court in order to properly exhaust his claims. *See Wagner*, 581 F.3d at 418.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Johnson's motion to stay his habeas proceeding (docket no. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Johnson must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this Court in writing

that such motion papers have been filed in state court.  If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and order Respondent to answer the petition.  Any subsequent motion for leave to amend the petition to add new claims will be denied.  After Johnson fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.  Again, failure to do so will result in the Court lifting the stay and ordering Respondent to file an answer.  And any motion for leave to amend the petition and add the new claims will be denied.

**IT IS FURTHER ORDERED** that this case shall be **CLOSED** for administrative purposes only.  When the stay is lifted, the case will be restored to the Court's active docket.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 11, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager